Good morning your honors and may it please the court yes Ben Wiesinger for the petitioner Selena Ramos Martinez. The primary issue in this case which is the petitioner's social group I think is going to be disposed of by your honors recent opinion in Dias Reynoso. In that case the court clearly stated that a particular social group can be defined in part by using the harm feared as long as there is first an underlying immutable characteristic in this case gender and the record is clear that women in Guatemala are treated are subjugated by men and by the culture in general and I want to point out a couple of very telling parts of the record where that make where that statement is obvious and that part is 183 to 184 when the community when Ramos's community was angry at her father they wanted to take their anger out on Ramos her sister and her mother stating that since since Ramos's father was a rapist they were gonna do the same thing to her in effect these community members were threatening three innocent women with sexual violence because they knew they could get away with it and that says a lot about the culture of Guatemala and in and my client's brother Hernan testified that in our culture women aren't allowed to do things on their own without permission from their husbands so the error of the judge and the board in this case was twofold in in discussing the social group and nexus first the error was that they separated Roberto's violence against my client from the community members violence against my symptoms of the same problem which is that in Guatemala women can be abused raped beaten with impunity council go ahead oh thank you judge but I can just be brief Diaz-Renozo held that mention of harm does not defeat an otherwise cognizable social group setting that that's quite different than being defined in part by harm but but setting that aside what about the relocation finding here internal relocation finding is irrelevant it's a red herring in this case of which there are a lot because an internal relocation finding is irrelevant because there was no finding of past persecution on account of us a one of the factors that go into a persecution is that if you know if a petitioner claims persecution then the issue arises of whether or not she can relocate to another part of the country right and the board made a finding on that you know relocation was was an option in this case and you don't think the challenge that finding do it's because the now that the court nor the board found past persecution to begin with in order prior to any discussion of the reasonableness of relocation first of all it's the government's burden to and second of all there has to be a presumption afforded to the we do that all the time you know in court you know in district court and the court of appeals in other words we say you know this cause of action has a three elements we can skip to the third element because that's easy to decide without deciding elements one and two and so are you saying that in a immigration context the IJ can't say well I don't have to decide this you know difficult question social group because even assuming she belongs to protect the social group and so forth it doesn't matter because you know she could easily escape persecution by the problem is that the and I I agree with you in principle judge Tashima the problem is the the presumption afforded to somebody who has suffered past persecution is strong and the government must then rebut that presumption using specific is there a presumption that relocation is not a viable option I never heard of that presumption no the presumption I'm referring to is that if you are found to have experienced past persecution there is then the rebuttable presumption that you will experience future presumption that what that you will experience future persecution throughout the country and then it's the government's burden to rebut that and so since it and since there was not never a fight did the IJ find that that would in effect rebut it because the IJ found that the petitioner could relocate to another part of the country did she find that I don't recall well you didn't challenge us that's the problem you didn't challenge whether she could relocate and you didn't challenge the finding that your client was persecuted based on a protective group at least that's what's alleged so let's talk about what she was talking about that is that she could have relocated safely in Guatemala isn't that a finding that you opening brief you're right the have you conceded that by not by making it part of your your opening brief because that's what the local rules say says the guy from Omaha Nebraska your honor if I conceded that and that's in that it would in this court finds that that is dispositive of the case I will certainly encourage my client to fire me and what good does that do her she's in Guatemala for God's sakes you're right it won't do her any good counsel would you like to say some time for rebuttal I would your honor we hear from the government thank you your honor and may it please the court this this court my name is Victor Lawrence and I represent the Attorney General this with respect to the asylum and withholding findings the board's primary dispositive holding was that Martinez did not meet her burden of establishing that the abuse from her father was on account of a protected ground there was no nexus between the alleged persecution and a protected ground and as some of the panel has just stated there was not a challenge to that particular finding on the ground not on the nexus right that's right so my read of the record is this in my read of the record is that this individual father was brutally violent to lots and lots of people it didn't seem to be discriminatory about his victims and I think that's your strongest argument there's also the relocation issue that we've just talked about but I understand you to be arguing that she hasn't shown that that what she suffered was on account of a protected ground is that it well yes so where I was starting was the fact that that is the board's primary dispositive finding that there was no nexus between the alleged persecution and the protected ground and because mr. Weisinger or the his client mr. Thomas has not challenged that particular finding he has waived it and because he has waived a dispositive finding the court on that basis alone may deny this petition with respect to the asylum withholding claims but he's also a whole argument that she really is in a protected group because she's in a group of women that are abused now you say that's a circular argument but isn't that really the crux that she is in a isn't that what he's really saying well yes he is he is saying that but but the problem there are two problems with that your honor first he articulated for specific social groups all throughout the agency proceedings between them before the immigration judge and the board all of a sudden when it comes to the appeal to the Ninth Circuit he has merged all four of those groups into one general somewhat vague group of just victims of domestic violence in Guatemala number one you're not allowed to reformulate your social group on appeal you have to argue the same thing before the immigration judge and the board so already the fact because he didn't separate him out in his argument here he's waived all of them well in a sense he has yes because but first of all we don't even need to get to the social group issue because again the nexus finding is dispositive of everything if you agree that he waived that and he waived the relocation as well as waived the claim for protection under convention against torture but even if you even if you find that he it's acceptable for him to reformulate the social group on appeal which I think is against some precedent in the Ninth Circuit he's it's still not a social group that should be recognized and it you know when he talks about for instance on page 25 of this brief that his social group is victims of domestic violence in Guatemala that group is exclusively defined by the people who have been persecuted and that is against the court's precedent in Diaz-Reynoso as I understand it because it's an exclusive group of people who have been harmed and therefore it's circular and in accordance with matter of AB it's not a permissible social group so I'm sorry I'm just having a hard time with your circular argument because if we say that women whose genitalia is mutilated as a woman we've done that right no that's not quite that's not quite correct your honor so that's different well in that decision that you're referring to it starts with a K I can't bring it up at this very moment right but in that decision you're referring to the the group consisted of people who oppose the practice of female genitalia mutilation it wasn't necessarily people who have been harmed so that's goodness so they get asylum just for saying that they oppose it not that they're going to be harmed I'm not saying that they get asylum I'm saying that that that they have a better case to make that they have a particular social group that's legally cognizable here we argue that the group that that he has come up with victims of domestic violence in Guatemala is not a legally cognizable social group but again are women with social violence be a cognizable social group no because they're the only ones being victimized that that we would argue that that is a circular description and therefore but but getting around if you're not victimized then how do you get asylum well you the best way to do it is to fit within one of the some of the categories as you know on the protected grounds of their DNA include race sex national origin sex that's not sex well again he hasn't proceeded on that theory sir so he's proceeded on the theory of a particular social group but but again all throughout the agency proceedings he proceeded on on four different social groups he has not carried that forward in his briefs in the Ninth Circuit and therefore it is fair to say that he but again I don't want to spend too much time on the social group issue because I don't think it's relevant given that he's waived all the other independent dispositive findings of the board so the court for instance in deciding this case need not even determine whether the board's decision on social groups was correct so just help me because I'm just a country boy but if if mr. Weisinger or this woman loses her case she's got no recourse because she's got to go back to Guatemala well you know I'm not here to say that mr. Weisinger messed up or not it may be I'm just asking you to assume that okay but I could easily also assume that it was a strategic decision that he made with his client not to pursue it in a certain way I don't know but but even even if she if you find that was a bad strategic decision you know she could file a motion to reopen to claim ineffective of assistance of counsel and I'm not suggesting to you that mr. Weisinger has been ineffective by any means but what I'm suggesting to you is she's not without recourse as your honor seemed to suggest with the agency with agency correct she would she would file a motion to reopen suggest that her counsel was ineffective for not raising that those issues and I hold no opinion on whether or not that's the case I'm not asking you to all right and I'm I'm merely pointing out in response to your honors question that in fact she does have resource recourse recourse so so I think you know one thing that hasn't been discussed at all in petitioners brief because it's so focused on the particular social group issue is the fact that her father's abuse really similarly with respect to the community members what we're talking about here is personal retribution which on its own is not recognized as as a protected ground or a particular social group people who have been subject to personal retribution so because he has not challenged this important nexus of showing that the part and again the government you know recognized that this is a very sympathetic case that the facts are very severe with what's been alleged here and that's why you want to send her back to Guatemala I'm not I'm your honor I'm merely explaining why I think the board's decision was legally correct and it was legally correct because there was an independent dispositive finding that there was no nexus between the persecution and protected ground lots of bad things happen to people in different countries as we all know but in order to get asylum in the United States you have to show that it fits within one of the categories that the Immigration Nationality Act sets forth and that's what has not been done here and that's why the court should deny this petition for review other than that if the court doesn't have any further questions I will rest on that point thank you for your argument counsel you're very well we'll hear rebuttal thank you very much I did not waive the nexus argument it's on page 26 of my brief where in a couple of different ways I allege that it is in fact my clients femininity and women in general in Guatemala their femininity that are the motivating factors for so I would argue that that is definitely not an issue that I waive but counsel are you saying 26 of your of your opening brief your blue brief correct your honor okay thank you and so I'll unless there's any other questions from the judges the only thing I have to say is that I really do love this area of the she's young beautiful intelligent and her innocence was stolen from her by a culture not by one man but by a culture that subjugates women by a culture that allows the abuse the murder of and abuse of women with impunity gender is the immutable characteristic that we're talking about here and it is so unfortunate that in an that women are treated as second-class citizens in Guatemala and this court has recognized that in perdomo versus holder and the agency the board of immigration appeals and this attorney general they've been trying to walk back they've been trying to fight against that that holding of gender being an immutable characteristic upon which a claim of asylum based on social group is firmly grounded so with that if there are no other questions I thank the court for its time and arrests thank you we'll take this case under advisement I think both counsel for their arguments thank you your honors thank you
judges: Tashima, Christen, Bataillon